UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Frank Brown, a/k/a "Nitty," et al.,

     Defendants.

Protective Order

20 Cr. 444 (VB)

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Certain of the Government's disclosure material contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.



2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to:

(a) the defendants for review for purposes related to this case;

(b) Personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Prospective witnesses for purposes of defending this action.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

2

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. Except for disclosure material that has been made part of the record of this case, and subject to the rules of professional responsibility regarding an attorney's obligation to maintain a client's file, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

10. This Order places no restriction on a defendants' use or disclosure of ESI that originally belonged to the defendants.

### Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____  Date: 9/23/20
Benjamin A. Gianforti
Assistant United States Attorney

_____  Date: 09/23/2020
Ben Gold, Esq.
Counsel for Frank Brown

_____  Date: 9-23-20
Larry Sheehan, Esq.
Counsel for Pedro Rainey

_____  Date: 09/23/2020
Daniel Parker, Esq.
Counsel for Joseph Scott

/s/ Frank O'Reilly (signed by B. Gianforti with permission from F. O'Reilly)  Date: 9/23/20
Frank O'Reilly, Esq.
Counsel for Tonya Brown

_____
Joseph A. Vita, Esq.
Counsel for Raymond Brown

SO ORDERED:

Dated: White Plains, New York
       September 24, 2020

_____
THE HONORABLE VINCENT BRICCETTI
UNITED STATES DISTRICT JUDGE

_____
**Sam Braverman, Esq.**
**Counsel for Keith Glover**

4

SO ORDERED (after the additional consent by newly-added defendant Keith Glover):

VB, USDJ
4/30/21